[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 94-2536

———————————

D. C. Docket No. 88-40228-MMP


STEPHEN TODD BOOKER,

Petitioner-Appellee,

versus

HARRY K. SINGLETARY, JR.,

Respondent-Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Florida

———————————

**(July 17, 1996)**

Before TJOFLAT, Chief Judge, HATCHETT and DUBINA, Circuit Judges.

TJOFLAT, Chief Judge:

I.

In the previous appeal in this case, we affirmed the district court's issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (1994), setting aside the death sentence that the petitioner received following his conviction for first degree murder in Florida state court. Booker v. Dugger, 922 F.2d 633 (11th Cir.), cert. denied, 502 U.S. 900, 112 S. Ct. 277, 116 L. Ed. 2d 228 (1991). The writ issued because petitioner's sentence had been imposed in violation of Hitchcock v. Dugger, 481 U.S. 393, 107 S. Ct. 1821, 95 L. Ed. 2d 347 (1987) (applying Lockett v. Ohio, 438 U.S. 586, 98 S. Ct. 2954, 57 L. Ed. 2d 973 (1978)); petitioner's sentencers -- the jury, which made the sentencing recommendation, and the trial judge, who fashioned and imposed petitioner's sentence -- gave no weight to certain mitigating evidence that may have counselled the imposition of a sentence of life imprisonment instead of death. According to the trial judge (in his instructions to the jury and, later, in imposing sentence) and the prosecutor (in his summation at the close of the penalty phase of petitioner's trial), the evidence was entitled to no weight because it did not establish any of the mitigating circumstances prescribed by Florida statute. See Fla. Stat. ch. 921.141(6) (1995). Other mitigating evidence was not presented to the judge and the jury because petitioner's counsel believed that it would have been disregarded as irrelevant.

The State objected to the issuance of the writ on the ground that, under Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967), the Hitchcock error was harmless beyond a reasonable doubt. In other words, the State argued that the aggravating circumstances in the case were such that none of the nonstatutory mitigating evidence the petitioner presented (or could have presented) would have affected the outcome of the case; the jury still would have recommended and the trial court still would have imposed the death sentence. On review, we were "not able to speculate as to the effect this substantial [nonstatutory mitigating] evidence would have had on the sentencing body" and therefore we could not "find the error harmless, regardless of the . . . aggravating circumstances that may have been found." Booker, 922 F.2d at 636.

Following our affirmance of the district court's decision, the State petitioned the Supreme Court for a writ of certiorari. The Supreme Court denied the State's petition on October 7, 1991. Singletary v. Booker, 502 U.S. 900, 112 S. Ct. 277, 116 L. Ed. 2d 228. The State, still in pursuit of the death penalty, moved the trial court to set the sentencing phase of petitioner's case for trial. A trial date was set, but the proceedings were stayed indefinitely.

II.

On April 21, 1993, the Supreme Court decided Brecht v. Abrahamson, 507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353

3

(1993).  In Brecht, the Court held that Chapman's standard of "harmless beyond a reasonable doubt" was inapplicable to habeas corpus review.  Id. at 622-23, 113 S. Ct. at 1713-14.  In place of Chapman, the Court substituted the standard established by Kotteakos v. United States, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946), for resolving the harmless error issue on the direct review of a criminal conviction.  Brecht, 507 U.S. at 623, 113 S. Ct. at 1714.  The Kotteakos standard asks whether the error "had substantial and injurious effect or influence in determining the jury's verdict."  Kotteakos, 328 U.S. at 776, 66 S. Ct. at 1253.  By substituting Kotteakos' standard for Chapman's, the Court in Brecht made it easier for a state to show that a constitutional violation did not prejudice an habeas petitioner's case.  See Duest v. Singletary, 997 F.2d 1336, 1337 (11th Cir. 1993), cert. denied, ___ U.S. ___, 114 S. Ct. 1107, 127 L. Ed. 2d 418, and cert. denied, ___ U.S. ___, 114 S. Ct. 1126, 127 L. Ed. 2d 434 (1994).

    With the less stringent Brecht standard in hand, the State moved the district court to vacate its judgment setting aside petitioner's death sentence in accordance with Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) authorizes a district court, in the exercise of its discretion, to relieve a party from the operation of a final judgment for "any . . . reason justifying relief."  The State argued that the district court should vacate its judgment and reinstate the petitioner's death sentence because

4

the Hitchcock error that permeated the sentencing phase of petitioner's case was harmless under the Kotteakos test.

The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy. See Ritter v. Smith, 811 F.2d 1398, 1400 (11th Cir.), cert. denied, 483 U.S. 1010, 107 S. Ct. 3242, 97 L. Ed. 2d 747 (1987). The State submits that this extraordinary remedy is called for in this case because there has been a change in the law: a lessening of the State's burden of demonstrating that a constitutional violation is excusable. "[S]omething more than a 'mere' change in the law is necessary[, however,] to provide the grounds for Rule 60(b)(6) relief." Ritter, 811 F.2d at 1401. In addition to citing a change in the law, a Rule 60(b)(6) movant "must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief." Id. Even then, whether to grant the requested relief is, as noted above, a matter for the district court's sound discretion.

The district court denied the State relief under Rule 60(b)(6) because the State had not demonstrated the "extraordinary circumstances" required by Ritter. We find no abuse of discretion in this decision.


III.

Even if we were to revisit the district court's grant of habeas relief under the correct standard -- as we were required to do on remand from the Supreme Court in Duest v. Singletary -- we would still hold that the State has failed to carry its burden

5

of excusing the constitutional error.[1]  In affirming the district

court's decision setting aside petitioner's death sentence, we

observed:

> In petitioner's case it is clear beyond cavil that
> significant nonstatutory mitigating factors were excluded
> from the jury's consideration by the erroneous jury charge.
> Booker was the only defense witness at the sentencing phase
> of the trial, and he testified that he had been hospitalized
> for psychiatric reasons nine times beginning at age 13, that
> he had severe problems with alcohol and drugs and had
> experienced blackouts, and that he was honorably discharged
> from the Army.  He said he could not remember the crime, but
> that if he did it he felt remorseful. . . .  Although no
> psychiatric testimony was presented during sentencing,
> Booker did call one psychiatrist during the guilt phase of
> his trial; the testimony adduced showed that, although
> Booker was not insane, his records from Walter Reed Army
> Medical Center indicated that Booker suffered from an
> organic brain disorder as a result of drug use.  The
> psychiatrist also testified that there were indications of
> paranoid schizophrenia.  The police officer who took
> Booker's confession testified that Booker seemed to have a
> split personality when he confessed.  Booker assumed the
> identity of "Aniel"; he said that "Steve" committed the
> murder; he clenched his teeth so hard they cracked; and he
> laughed and cried uncontrollably.  The officer stated that
> he did not think Booker was faking.  There was also evidence
> that Booker was cooperative with the police, and that he may
> have made the anonymous phone call reporting the murder.

Booker, 922 F.2d at 635 (footnote omitted).  After summarizing

this evidence in the record, we observed that at the sentencing

---

[1]  In Duest, also a capital case from Florida, we reversed
the district court's refusal to issue a writ of habeas corpus
setting aside the petitioner's death sentence.  Duest v.
Singletary, 967 F.2d 472 (11th Cir. 1992).  We did so because (1)
the petitioner's jury had based its recommendation of death upon
consideration of a prior criminal conviction which was
subsequently vacated -- a constitutional error under Johnson v.
Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988)
-- and (2) the State had not shown that the error was harmless
under the Chapman standard.  Duest, 967 F.2d at 481-82.  The
Supreme Court, on certiorari, vacated our judgment and remanded
the case "for further consideration in light of Brecht."
Singletary v. Duest, 507 U.S. 1048, 1049, 113 S.Ct. 1940, 1941,
123 L. Ed. 2d 647 (1993).

hearing subsequently held by the trial judge, other nonstatutory

mitigating evidence was presented.

> This evidence included the report of a court-appointed
> psychiatrist.  This report concluded that Booker had above
> normal intelligence but was impulsive and had difficulty
> postponing gratification.  It also noted that Booker had had
> little supervision as a child, that he began drinking and
> using drugs as a teenager, and that he had experienced
> hallucinations.  The psychiatrist concluded that Booker was
> not under extreme emotional duress or the domination of
> another at the time of the crime.  But due in part to
> intoxicants he had consumed, Booker was "most probably . . .
> less able than the average individual to conform his conduct
> to the requirements of the law."

Id.  Due to the Hitchcock violation, however, neither the jury

nor the sentencing judge considered whether any of this evidence

counselled against the imposition of the death penalty.  In

addition, because Booker's attorney believed that Florida law did

not permit these sentencers to consider nonstatutory mitigating

circumstances, other available mitigating evidence was not

presented.  See id. at 636 n.3.  Because we were unable to

speculate as to the effect the mitigating evidence would have had

on the judge or jury, we could not find the error to be harmless.

See id. at 636.  We therefore affirmed the district court's grant

of habeas relief.

When reevaluting the case in Duest v. Singletary under the

Brecht standard, we posed the question as follows:  "Did the

constitutional error 'substantially influence' the verdict, or,

at least, does a 'grave doubt' exist as to whether it did?  If

so, then the petitioner is entitled to habeas relief."  Duest,

997 F.2d at 1339 (citations omitted).  As the Supreme Court

instructed in O'Neal v. McAninch, ___ U.S. ____, ____, 115 S. Ct.

7

992, 994, 130 L. Ed. 2d 947 (1995), which was decided eighteen
months after the panel's decision in Duest:

> When a federal judge in a habeas proceeding is in grave
> doubt about whether a trial error of federal law had
> "substantial and injurious effect or influence in
> determining the jury's verdict," that error is not harmless.
> And, the petitioner must win.

When, in Booker, 922 F.2d at 636, we said that we were unable to
speculate as to the effect the disregarded "substantial
[mitigating] evidence would have had on the sentencing body," we
were in essence answering in the affirmative the second part of
the question posed in Duest.

> AFFIRMED.

8