# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2705

_____

| | | |
|---|---|---|
| Mose Young, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court for the |
| | * | Eastern District of |
| Dee Joyce Hayes, Circuit Attorney for | * | Missouri. |
| the City of St. Louis, and Alfred D. | * | |
| Luebbers, Superintendent, Potosi | * | |
| Correctional Center, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 11, 2000

Filed: July 11, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This is an action under 42 U.S.C. §1983.  The plaintiff (appellant in this Court)
is Mose Young, a prisoner who is under sentence of death in the State of Missouri.  For
our opinion affirming the dismissal of Mr. Young's petition for habeas corpus, see
Young v. Bowersox, 161 F.3d 1159 (8th Cir. 1998), cert. denied, 120 S. Ct. 192

(1999). The sentence of death is scheduled to be carried out at 12:01 a.m. tomorrow, Wednesday, July 12, 2000. The District Court dismissed Mr. Young's complaint on motion for summary judgment. The appellant seeks reversal and a stay of execution in this Court.

We state the facts and our conclusions briefly because of the exigency of time. The essential theory of the complaint is that the defendant Hayes, Circuit Attorney for the City of St. Louis, has threatened to fire one of the lawyers under her supervision, Jane Geiler, if Ms. Geiler provides information to the Governor of Missouri in connection with a clemency petition Mr. Young wishes to file. Interference by an official of the State with the clemency process, Mr. Young argues, threatens to deprive him of his life, without due process of law.

Our first duty is to decide our own jurisdiction. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). Is the case moot? Defendants argue that it is, for two reasons: (1) Ms. Hayes has withdrawn her objection to Ms. Geiler's participation in the clemency proceeding; and (2) Ms. Geiler has actually provided the Governor with an affidavit. We conclude that neither of these events renders the case moot. As to Ms. Hayes's action, we think it sufficient to quote the recent opinion of the Supreme Court in Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 120 S. Ct. 693, 708 (2000):

> It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite, 455 U.S., at 289, 102 S. Ct. 1070. "[I]f it did, the courts would be compelled to leave '[t]he defendant . . . free to return to his old ways.'" Id., at 289, n. 10, 102 S. Ct. 1070 (citing United States v. W.T. Grant Co., 345 U.S. 629, 632, 73 S. Ct. 894, 97 L.Ed. 1303 (1953)). In accordance with this principle, the standard we have announced for

-2-

determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203, 89 S. Ct. 361, 21 L.Ed.2d 344 (1968). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. Ibid.

Here, even if we assume that Ms. Hayes's withdrawal of her prior statement about firing Ms. Geiler is full and ungrudging, we have nothing more than the voluntary cessation of allegedly illegal activity.

As to the affidavit that Ms. Geiler has submitted, at least one good reason remains why the case is not moot. The affidavit covers only one of the two subjects that Ms. Geiler initially agreed to testify about. The affidavit describes what Ms. Geiler regards as the inadequate representation that Mr. Young received in his capital trial. It does not address Ms. Geiler's further observation (if representations by counsel for Mr. Young as to the conversation he had with Ms. Geiler are to be believed) that the Circuit Attorney's office, during the relevant time period, uniformly and without exception exercised peremptory challenges to remove black jurors. This omission, we think, is arguably due to Ms. Hayes's insistence, even after the threat of discharge had been removed, that Ms. Geiler, her employee, not say anything to the Governor or to the Missouri Board of Probation and Parole that would embarrass the Circuit Attorney's office. This case was decided on motion for summary judgment. The burden of demonstrating mootness is on the defendants. Friends of the Earth, supra. It seems to us that a trier of fact could reasonably infer that Ms. Geiler's willingness to provide information freely is still under some substantial restraint as a result of actions by the defendant Hayes.

What about the merits?  On this point, the District Court simply dismissed the complaint for failure to state a claim, holding that there is no right whatever to due process of law in connection with a clemency proceeding.  This view is inconsistent with the position quite recently taken by a majority of the Supreme Court.  See Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 288-89 (1998)(O'Connor, J., concurring in part and concurring in the judgment, joined by Souter, Ginsburg, and Breyer, JJ.); id. at 290 (Stevens, J., concurring in part and dissenting in part).  In particular, Justice O'Connor stated:

> I do not . . . agree with the suggestion in the principal opinion that, because clemency is committed to the discretion of the executive, the Due Process Clause provides no constitutional safeguards.

The State relies on two decisions of this Court, Perry v. Brownlee, 122 F.3d 20 (8th Cir. 1997), and Otey v. Stenberg, 34 F.3d 635 (8th Cir. 1994).  In both of those cases we rejected due-process claims aimed at state clemency hearings.  We do not think that the general expressions in these opinions about the applicability of due process in clemency proceedings are controlling in the particular circumstances of the present case.  In any event, if the cases are read as laying down an absolute rule that no due-process violation can ever occur in a clemency proceeding, they are inconsistent with the later pronouncements of a majority of the Supreme Court in Woodard.  This panel is bound by previous panel opinions of our own Court, but we are not so bound if an intervening expression of the Supreme Court is inconsistent with those previous opinions.

Certainly the discretion of a governor to grant or deny clemency is unlimited in any ordinary circumstances.  No claim is advanced here that the petitioner has a "liberty interest" in the grant of clemency or the right to any particular outcome when he seeks it.  The allegation is quite different.  Apparently Missouri regularly receives evidence

-4-

from any and all sources in clemency matters, and the Governor is not restricted as to the nature of the considerations he may entertain or the evidence he may receive. If clemency is sought on the ground of ineffective assistance of counsel, racial discrimination in the trial process, or other procedural grounds, the Governor may grant or deny it as he chooses. The claim here is that the State, acting through the Circuit Attorney of the City of St. Louis, has deliberately interfered with the efforts of petitioner to present evidence to the Governor. It is uncontested that the interference did in fact occur at one time. As we have tried to explain above, the question whether the effects of the interference still persist is one on which reasonable people could differ, and therefore for a trier of fact.

Indeed, there is reason to think that what the Circuit Attorney did here amounts to the crime of tampering with a witness, see Mo. Ann. Stat. §575.270(1). This statute provides, in pertinent part:

> A person commits the crime of "tampering with a witness" if, with purpose to induce a witness or a prospective witness in an official proceeding . . . to absent himself . . ., or to withhold evidence, information or documents, . . ., he:
>
>    (1) Threatens or causes harm to any person or property; or
>
>    (2) Uses force, threats or deception; . . ..

The instant complaint alleges that the defendant Hayes, with the purpose of inducing Ms. Geiler to withhold evidence, threatened her with loss of her job. Cf. 18 U.S.C. §1505 (a comparable federal statute). Such conduct on the part of a state official is fundamentally unfair. It unconscionably interferes with a process that the State itself has created. The Constitution of the United States does not require that a state have a clemency procedure, but, in our view, it does require that, if such a procedure is

-5-

created, the state's own officials refrain from frustrating it by threatening the job of a witness.

This reasoning makes it unnecessary for us to address petitioner's alternative claim under the First Amendment.

The judgment of the District Court is reversed, and this cause is remanded to that Court for further proceedings consistent with this opinion. The motion for stay of execution is granted, and the defendant Luebbers is hereby enjoined and restrained from carrying out the sentence of death in Mr. Young's case until further order of this Court, the District Court, or the Supreme Court.

Petitioner's pro se motion for a stay of execution is denied as moot.

Our mandate shall issue forthwith.

BEAM, Circuit Judge, dissents.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.