# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2512

_____

| | | |
|---|---|---|
| Riley Dobi Noel, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Larry Norris, Director, Arkansas | * | District of Arkansas. |
| Department of Correction; | * | |
| Mike Huckabee, Governor of | * | |
| Arkansas; Marvin Evans, Warden, | * | |
| Tucker Maximum Security Unit; | * | |
| Leroy Brownlee; John Belken; | * | |
| John Felts; Joe Franklin; Erma | * | |
| Hendrix; Carolyn Robinson; Larry | * | |
| Zeno; Arkansas Post Prison Transfer | * | |
| Board, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 2, 2003

Filed: July 8, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

PER CURIAM.

This is an action under 42 U.S.C. § 1983 brought by Riley Dobi Noel, a prisoner under sentence of death. He claims that the State of Arkansas violated his constitutional right to due process when it interfered with his ability to prepare and present his case for executive clemency.

Because clemency is extended mainly as a matter of grace, and the power to grant it is vested in the executive prerogative, it is a rare case that presents a successful due process challenge to clemency procedures themselves. *See Ohio Adult Parole Auty v. Woodard*, 523 U.S. 272, 280-81 (1998). On the other hand, if the state actively interferes with a prisoner's access to the very system that it has itself established for considering clemency petitions, due process is violated. *See Young v. Haynes*, 218 F.3d 850, 853 (8th Cir. 2000).

Mr. Noel's claim seems to be a kind of amalgam. He asserts that state officials did not give him enough time to prepare for his clemency hearing and that the state would not allow him to undergo a particular kind of brain-scan procedure to prove his assertion that his brain damage ought to be considered on the question of whether he deserved clemency.

We think that Mr. Noel's claim must be rejected. He presented a four-hundred page record to the state authority charged with making recommendations concerning clemency, and that authority denied his request. The materials that he presented included some evidence, though not the particular evidence that Mr. Noel sought to produce, of his brain damage. He does not claim that he was prevented from presenting any other kind of evidence. In the circumstances, we cannot say that the process was so arbitrary as to be unconstitutional or that the state prohibited Mr. Noel from using the procedure that it had established.

We have examined Mr. Noel's equal protection claim and find it to be meritless.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.