BARKETT, Circuit Judge,
specially concurring in part and dissenting in part, in which WILSON, Circuit Judge, joins:
I agree completely with Judge Tjoflat’s thorough opinion with the exception of his resolution of Mobley’s claim. I agree with Judge Tjoflat that the district court denied Mobley’s motion on the basis of an improper interpretation of Felker v. Turpin, 101 F.3d 657 (11th Cir.1996). I do not agree, however, that we should nonetheless affirm the court’s denial of. Mobley’s motion because it fails to state a case under Rule 60(b)(3). This Court reviews a denial of a 60(b) motion for abuse of discretion. See Booker v. Singletary, 90 F.3d 440, 442 (11th Cir.1996). Under that standard, where the district court bases its decision on an incorrect interpretation of the law, we are to remand for further proceedings rather than exercise our discretion by affirming the court’s denial on other grounds.[1] I do not agree that Mob-ley fails to state a claim under Rule 60(b)(3). Mobley argues in his motion that recently discovered evidence indicates that the district court’s judgment denying his prior habeas petition rests on a defective foundation because the court relied upon facts (regarding district attorney Fuller’s prior testimony) that the State knew or should have known were false. In my view, Mobley clearly alleges that although Fuller’s misleading testimony was given in state court, the State’s actions regarding Fuller’s testimony in federal habeas court created infirmities in that proceeding in addition to the state proceedings. Furthermore, Mobley’s motion could be construed to also raise claims under 60(b)(2) (“newly discovered evidence”) or 60(b)(6) (“any other reason justifying relief from the operation of the judgment”). Thus, Mobley’s claim should be remanded to the district court for resolution on the merits.

. As stated in Collins v. Seaboard C.R. Co.,
A discretionary decision that falls within permitted bounds, but is based on false premises, raises the question on review as to whether the trial court would have come to the same conclusion using proper premises. That it could have does not satisfy the inquiry as to whether it would have reached the same result. The affirmance of a discretionary decision that is based on an improper view of the facts or the law merely reflects the appellate court’s exercise of discretion that rightfully belongs to the trial court. The proper role of appellate review permits a remand for further proceedings when a discretionary decision has been made on false premises.
Id., 681 F.2d 1333, 1335 (11th Cir.1982).