[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14912
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-01415-CV-ORL-28-DAB

GARY L. MOCK,

Plaintiff-Appellee,

versus

BELL HELICOPTER TEXTRON, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellee Gary Mock filed the instant lawsuit against Appellant Bell

Helicopter Textron, Inc. ("Bell"), alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. On March 23, 2007, a jury found in favor of Mock on his discrimination claim. On September 24, 2007, the district court entered judgment against Bell in the amount of $225,809.78 plus interest and attorneys' fees. On May 29, 2009, this court affirmed the district court's judgment.

On June 18, 2009, the Supreme Court of the United States issued its decision in *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2349, 174 L. Ed. 2d 119 (2009), holding that, in ADEA cases, it is not sufficient for the plaintiff to prove that age was a "motivating factor" in the employer's decision. On July 6, 2009, Bell filed a motion for relief from judgment under Rule 60(b), arguing that, because the district court instructed the jury on the motivating factor test, which the Court in *Gross* specifically held to be improper, it was entitled to relief. On August 27, 2009, the district court denied Bell's motion. In its order, the district court held that, even if *Gross* represented a change in the law rendering the instructions given in this case erroneous, Bell had not presented "extraordinary circumstances warranting this extreme remedy." D.C. Doc. No. 257, at 2-3. Bell appeals from the district court's denial of its Rule 60(b) motion.

We review a district court's denial of a Rule 60(b) motion for abuse of

discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008).

Under Rule 60(b), a district court may vacate a final judgment for, among other things, "mistake, inadvertence, surprise, or excusable neglect" if the plaintiff files its motion within one year after the entry of the challenged judgment. Fed. R. Civ. P. 60(b)(1), (c)(1). Rule 60(b) also permits a district court to vacate a final judgment for "any other reason that justifies relief" if such a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6), (c)(1). Importantly, "the grounds specified under the first five subsections will not justify relief under subsection [six]." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 n.3 (5th Cir. Unit A Jan. 1981).[1]

Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc.*, 635 F.2d at 401 (quoting *Bankers Mortgage v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). We have held that "[s]omething more than a 'mere' change in the law is necessary . . . to provide the grounds for Rule 60(b)(6)

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

relief." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) (quoting *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987)). In *Booker*, we held that "[i]n addition to citing a change in the law, a Rule 60(b)(6) movant must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief . . . Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Id.*

In *Ritter v. Smith*, we discussed several factors that are relevant to determining the presence of extraordinary circumstances. 811 F.2d at 1401-03. First, we held that a "significant factor" justifying relief in that case was "the fact that the previous judgment . . . though final, was unexecuted." *Id.* at 1402. Second, we held that timing is relevant because "[t]he longer the delay the more intrusive is the effort to upset the finality of the judgment." *Id.* Third, we considered whether there was a "close relationship between the two cases at issue," either because "the intervening Supreme Court decision was rendered expressly to resolve a conflict between the earlier decision . . . and another case," or because the two cases "arose out of the same transaction." *Id.* at 1402-03. Finally, we held that "considerations of comity" are relevant in cases where our ruling will affect a state court judgment. *Id.* at 1403.

Applying the above factors to the facts in *Ritter*, we concluded that the

district court did not abuse its discretion by granting Rule 60(b)(6) relief based on an intervening change in the law because (1) the judgment at issue was unexecuted, (2) the state filed a Rule 60(b)(6) motion only three months after the intervening Supreme Court decision and nine months after the challenged judgment, (3) the Supreme Court expressly granted certiorari in the intervening case for the purpose of resolving a dispute between the prior panel opinion in *Ritter* and another circuit court opinion, and (4) the final judgment raised considerations of comity because it set aside a state court judgment. *Id.* at 1401-03.

Even assuming *arguendo* that the Supreme Court's decision in *Gross* rendered the instructions given in this case erroneous, we hold that the district court did not abuse its discretion by finding that Bell failed to demonstrate extraordinary circumstances to justify post-judgment relief. In particular, the instant matter did not involve the type of close connection between the two cases as discussed in *Ritter* because (1) the Supreme Court did not grant certiorari in *Gross* to resolve an express conflict between that case and the current case, and (2) *Gross* did not arise out of the same transaction as the current case. Further, unlike *Ritter*, the present case did not implicate the interests of comity because it did not involve a state judgment. Thus, even though some factors weigh in favor of relief, the district court's decision in this respect is entitled to deference.

5

In addition to its Rule 60(b)(6) argument, Bell argues that it is also entitled to relief under Rule 60(b)(1). However, because Bell's motion was made more than a year after the entry of the judgment in this case, Rule 60(b)(1) relief is not available. Fed. R. Civ. P. 60(c)(1). Finally, Bell argues that it is also entitled to relief under Rule 60(b)(5) because, according to Bell, "Mock's prospective relief in this case in executing and obtaining fees on a judgment that is premised on invalid law would be inequitable." Blue Brief at 8 n.1. First, because Bell mentions its Rule 60(b)(5) argument in passing in a footnote only and does not elaborate on it in any further detail in either one of its briefs, we deem this argument waived. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed. The Federal Rules of Appellate Procedure plainly require that an appellant's brief 'contain, under appropriate headings and in the order indicated . . . a statement of the issues presented for review.'"). *See also Greenbriar, Ltd. v. Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (deeming issue waived where party mentioned it in passing in its Statement of the Case without elaborating on it in its arguments on the merits). Even if its Rule 60(b)(5) argument was not waived, however, Bell is not entitled to relief under that rule because it has failed

6

to show that it would be inequitable to give the challenged judgment prospective effect.

Accordingly, we affirm the district court's judgment denying Bell's Rule 60(b) motion to vacate the judgment.

**AFFIRMED.**