[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14942
_____

D.C. Docket No. 4:03-cv-00328-RV


CHADWICK BANKS,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 16, 2012)

Before CARNES, WILSON and MARTIN, Circuit Judges.

WILSON, Circuit Judge:

Death row inmate Chadwick Banks appeals the denial of his Federal Rule of Civil Procedure 60(b)(6) motion for Relief from Judgment. Banks asserts that the Supreme Court's decision in *Holland v. Florida*, 130 S. Ct. 2549 (2010), is an extraordinary circumstance under Rule 60(b)(6) sufficient to justify the reopening of the final judgment of dismissal in this case. After reviewing the record and considering the arguments presented in the briefs and at oral argument, we affirm.

## I. HISTORY OF REPRESENTATION

Banks pleaded no contest to two counts of first degree murder for the deaths of his wife and stepdaughter in 1997. He also pleaded no contest to the sexual battery of his stepdaughter, a child under the age of twelve. Banks received a life sentence with a minimum-mandatory sentence of 25 years for the murder of his wife. Banks also received a life sentence without the possibility of parole for 25 years for the sexual battery of his stepdaughter. A jury recommended a sentence of death by a vote of 9-3 for the murder of his stepdaughter, and the trial court sentenced Banks to death. On August 28, 1997, the Supreme Court of Florida affirmed Banks's conviction on direct appeal. *See Banks v. State*, 700 So. 2d 363 (Fla. 1997). Banks's case became final on direct review when the Supreme Court of the United States denied his petition for a writ of certiorari on March 23, 1998. *See Banks v. Florida*, 523 U.S. 1026, 118 S. Ct. 1314 (1998); *see also Clay v.*

2

*United States,* 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari . . . ."). AEDPA's one-year statute of limitations period began to run the next day, March 24, 1998. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011), *cert. denied sub nom., San Martin v. Tucker*, 132 S. Ct. 158 (2011); *see also* 28 U.S.C. § 2244(d)(1)(A).

On collateral review, three lawyers represented Banks: Gary Printy, Jeffrey Hazen, and Terri Backhus.

## 1. Gary Printy

Banks's first collateral counsel was Printy, who was appointed to represent Banks in state postconviction proceedings on September 2, 1998. On September 18, 1998, Banks wrote Printy and asked that Printy raise all state and federal issues on time. Banks again wrote Printy on January 8, 1999, and stated: "I still haven't received a response from you on my post-conviction and I want to ask you a few questions about what you're gonna put in my motions. It's important to me that you put in all of my issues because I've heard from fellow prisoners that that's about all the chances the court gives us on these proceedings." After receiving no response, Banks wrote Printy once more on March 1, 1999, and asked about "some date" that makes a "big difference" in the deadline and asked what dates applied to

3

his case. He also stated: "Please let me know as soon as you can Mr. Printy because I'm getting a little worried."

On March 9, 1999, Printy requested an extension of the state postconviction deadline. The request was granted on March 22, 1999, one day before the expiration of the federal habeas deadline (which, incidentally, was one year from the date of denial of rehearing in the Florida Supreme Court under 28 U.S.C. § 2254). Printy responded to Banks on June 11, 1999, with a brief explanation letter and a copy of the postconviction motion he had filed a day earlier, on June 10.[1] Printy next wrote Banks on August 8, 2000, explaining that a federal habeas petition "will be filed" at the end of state court litigation. By that time, the federal habeas deadline of March 24, 1999, had passed. Printy never filed the habeas petition.

## 2. Jeffrey Hazen

On October 15, 2003, Hazen was appointed by the district court to represent Banks. Hazen notified Banks for the first time that the habeas deadline was "blown." Hazen then filed a federal petition for a writ of habeas corpus on December 1, 2004. The petition was four years late. The State moved for

---

[1] The trial court denied this petition and the Supreme Court of Florida affirmed on March 20, 2003. *See Banks v. State*, 842 So. 2d 788 (Fla. 2003).

4

summary judgment on January 18, 2005.  Hazen filed a motion for Extension of Time on February 2, 2005, which was granted.  One month later Hazen requested another extension and filed a motion to withdraw as counsel.  The court subsequently granted the motion to withdraw.

### 3. Terri Backhus

Backhus, Banks's present counsel, was appointed on April 20, 2005, to file a response to the State's motion for summary judgment.  While reviewing the cases' facts, Backhus requested an extension of time before responding to summary judgment.  During this review, Backhus realized that Printy had never requested or obtained the public records from the state repository on Banks's case.  Backhus was compelled to file a response prior to receiving the files from the repository.  The State's motion for summary judgment was granted on July 29, 2005.  The district court held that the deadline to file Banks's federal habeas petition was one year after his conviction became final, or March 23, 1998.  The habeas deadline was therefore March 24, 1999, and Banks's petition was untimely.

On June 14, 2010, the Supreme Court decided *Holland*, 130 S. Ct. 2549.  In light of this decision, Banks moved to set aside his judgment pursuant to Rule 60(b)(6).  On September 20, 2011, the district court denied Banks's motion, but granted a Certificate of Appealability "on the issue of whether the Supreme

5

Court's decision in *Holland* . . . is an extraordinary circumstance under Fed. R. Civ. P. 60(b)(6) sufficient to justify the reopening of the final judgment of dismissal in this case."

## II. STANDARD OF REVIEW

We review a district court's denial of a Rule 60(b)(6) motion for an abuse of discretion. *See Zakrzewski v. McNeil*, 573 F.3d 1210, 1211 (11th Cir. 2009) (per curiam); *Cano v. Baker*, 435 F.3d 1337, 1341–42 (11th Cir. 2006) (per curiam); *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990). The district court's determination of relevant facts is reviewed for clear error. *See San Martin*, 633 F.3d at 1265.

Rule 60(b)(6), the catchall provision of Rule 60, authorizes relief for "any other reason justifying relief from the operation of the judgment." In *Gonzalez v. Crosby*, 545 U.S. 624, 125 S. Ct. 2641 (2005), the Supreme Court recognized that "Rule 60(b) has an unquestionably valid role to play in habeas cases." 545 U.S. at 534, 125 S. Ct. at 2649. More specifically, a Rule 60(b) motion challenging only a district court's prior ruling that a habeas petition was time barred "is not the equivalent of a successive habeas petition" and may qualify for Rule 60(b) relief. *Id.* at 535–36, 125 S. Ct. at 2650. However, "relief under Rule 60(b)(6) . . . requires a showing 'extraordinary circumstances.'" *Id.* at 536, 125 S. Ct. at 2650;

6

*see also Cano*, 435 F.3d at 1342.  Relief from "judgment under Rule 60(b)(6) is an extraordinary remedy."  *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) (citing *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987)).  "Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion."  *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (alteration in original) (quoting *Booker*, 90 F.3d at 442) (internal quotation marks omitted).

## III. DISCUSSION

Banks's primary argument for reopening the judgment denying his out-of-time federal habeas petition is that *Holland*'s standard of attorney negligence, for purposes of Rule 60(b)(6), is itself an extraordinary circumstance.  Here, the district court held that Banks has not sufficiently demonstrated that the factual circumstances of his case fall within *Holland*'s purview.[2]  The court then applied *Gonzalez*, concluding that its previous determination that Banks's petition was untimely was in accordance with then-existing Eleventh Circuit law.  The court went on to say that the change of law, if any, worked by *Holland*, was all the less

---

[2] The district court emphasized, however, that even if this case were under *Holland*'s purview, Printy's failure to understand that obtaining an extension to file his postconviction motion would not toll the habeas petition, as *Holland* did not work a change in the law with regard to simple negligence.

extraordinary in this particular case because of Banks's lack of diligence in pursuing the filing of his habeas petition.

Assuming for our purposes that the district court erred in its application of *Gonzalez*,[3] we are left to determine whether the facts of this case are under *Holland*'s purview such that the district court abused its discretion in holding that the Supreme Court's decision in *Holland* was itself not an extraordinary circumstance. Yet, we need not decide this issue today, because Banks is unable to account for the time when Hazen was retained and the date of filing of his habeas petition.

Even if we were to find that *Holland* is an extraordinary circumstance under Rule 60(b)(6), equitable tolling would not extend to the entire five-year-plus delay in the filing of Banks's federal habeas petition. Assuming *arguendo* that Banks were granted equitable tolling based on Printy's negligence for the time between the finalization of his conviction and when Printy ceased representation, Banks's federal habeas petition would still be untimely under AEDPA's one-year statute of limitations period. *See Chavez v. Sec'y Fla. Dept. of Corr.*, 647 F.3d 1057, 1070–72 (11th Cir. 2011) (even allowing for equitable tolling during predecessor

---

[3] We will assume, without deciding, that (1) the district court misapplied the then-existing Eleventh Circuit interpretation of 28 U.S.C. § 2244(d)(2) in holding Printy's conduct did not rise to the necessary level for equitable tolling; and (2) that Banks was diligent in pursuing the filing of his habeas petition during Printy's representation.

counsel's representation, once that period was equitably tolled, the untolled period still amounted to more delay than AEDPA's one-year statute of limitations), *cert. denied*, 132 S. Ct. 1018 (2012). Simply put, the untolled period between Hazen's appointment and the filing of Banks's habeas petition amounts to more delay than AEDPA's one-year statute of limitations allows.

In *Chavez*, this Court found that Chavez did not present any evidence reflecting reasonable diligence in urging counsel to file for postconviction relief sooner, nor did he attempt to contact the court about his claim. Chavez waited "203 days after the conclusion of his state post-conviction proceedings before deciding to seek relief in federal court." *Chavez*, 647 F.3d at 1072–73 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S. Ct. 1807, 1815 (2005) (partially denying petitioner's argument for equitable tolling because "not only did petitioner sit on his rights for years before he filed his [state postconviction] petition, but he also sat on them for five more months after his [state post-conviction] proceedings became final before deciding to seek relief in federal court")). This Court then determined:

> In summary, after accounting for statutory tolling under § 2244(d)(2),
> Chavez's habeas petition was filed 520 days after the expiration of
> the one-year limitations period set out in § 2244(d). Even with the
> generous assumption that the entire 429 days while Lipinski was
> representing Chavez should be equitably tolled, the petition was still

9

> 91 days too late. Given that the facts alleged in the petition, even if true, would not warrant enough equitable tolling to make it timely, the district court did not abuse its discretion in denying Chavez's motion for an evidentiary hearing to prove those allegations.

*Id*. at 1073.

Here, AEDPA's statute-of-limitations clock commenced on March 24, 1998, making Banks's federal habeas petition deadline March 24, 1999. *See* 28 U.S.C. § 2244(d). Hazen was appointed on October 15, 2003. Banks's federal habeas petition was not filed until December 1, 2004. That is 2,079 days, or 5 years, 8 months and 7 days after the March 24, 1999 habeas deadline. Moreover, even if we were to toll from the beginning of Printy's representation to the date Hazen was appointed, the 413 days of Hazen's representation prior to the filing of Banks's habeas petition would remain untolled. Banks has not presented any evidence that he was diligently pursuing his rights during the 1 year, 1 month, and 16 days that Hazen delayed the filing of his habeas petition so as to warrant equitable tolling. He therefore cannot meet *Holland*'s second prong.[4]

Banks argues that it was impossible for him to be "diligent" when he thought the deadline was already "blown," but even if we assume he has met the diligence prong, Banks has made no claim of gross negligence during Hazen's

---

[4] The diligence required is reasonable diligence. *Holland*, 130 S. Ct. at 2565.

10

representation that would amount to an extraordinary circumstance and allow for equitable tolling under 28 U.S.C. § 2244(d)(2). As the district court correctly stated, the only references to Hazen's representation in the present motion are that he never provided a show-cause order and that he did not provide Banks with a response to the order. This conduct is not grossly negligent. *See Holland*, 130 S. Ct. at 2564 (noting an "extraordinary" instance in which attorney's conduct constituted far more than "garden variety" or "excusable" neglect).

To the contrary, Hazen frequently communicated with Banks regarding the status of his federal habeas petition. Hazen purposely wrote to Banks and explained that he planned to wait to file Banks's federal habeas petition until he had finished other work. Banks has not alleged any facts or proffered any evidence reflecting more than negligence by Hazen.

## IV. CONCLUSION

At bottom, it is ultimately Hazen's lack of gross negligence that confirms that, on this record, Banks is not entitled to Rule 60(b)(6) relief. The judgment of the district court is affirmed.

**AFFIRMED.**