[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15091

_____

D.C. Docket No. 4:14-cv-00604-MW-CAS

CHADWICK D. BANKS,

Plaintiff - Appellant,

versus

SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,
et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 13, 2014)

Before ED CARNES, Chief Judge, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Petitioner Chadwick D. Banks was sentenced to death for sexually battering and then murdering his ten-year-old step daughter after he murdered her mother. His execution is scheduled for 6:00 p.m. today. Yesterday Mr. Banks appealed the district court's denial of his 42 U.S.C. § 1983 action seeking a temporary restraining order and stay of his execution. Upon thorough consideration of the parties' arguments and the prevailing law, we find that Mr. Banks is not entitled to relief.

Mr. Banks alleges violations of his Eighth and Fourteenth Amendment rights under the Constitution of the United States. First, Mr. Banks argues that he was denied effective assistance of post-conviction counsel, which resulted in him being deprived of a fair opportunity to show that his execution is prohibited by the Constitution. Second, Mr. Banks argues that Florida's clemency process is unconstitutional.

**Background**

In 1994 Mr. Banks pled guilty to two counts of first-degree murder and one count of capital sexual battery on a child under the age of twelve. The jury in the capital-penalty phase trial recommended that Mr. Banks be sentenced to death by a vote of 9-3 for the murder of his stepdaughter. The trial court followed the jury's recommendation and sentenced Mr. Banks to death. The Florida Supreme Court

2

upheld Mr. Bank's convictions and sentences on direct appeal. *Banks v. State*, 700 So. 2d 363, 368 (Fla. 1997) (per curiam).

In 1999 Mr. Banks filed his first motion for post-conviction relief in state court. The motion was denied and on appeal the ruling was eventually affirmed by the Florida Supreme Court. *Banks v. State*, 842 So. 2d 788, 793 (Fla. 2003) (per curiam). In 2010 Mr. Banks filed another motion for post-conviction relief in state court. The motion was denied and on appeal that ruling was eventually affirmed by the Florida Supreme Court. *Banks v. State*, 97 So. 3d 821 (Fla. 2012) (per curiam).

In 2004 Mr. Banks filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Florida. The petition was ultimately dismissed as untimely. *Banks v. Crosby*, 2005 WL 5899837 (N.D. Fla. July 29, 2005). We affirmed the district court's decision. *Banks v. Sec'y, Fla. Dep't of Corr.*, 491 F. Appx. 966, 971 (11th Cir. 2012), *cert. denied*, 134 S. Ct. 118 (2013).

Governor Scott signed Mr. Banks' death warrant on September 22, 2014. On October 9, 2014, Mr. Banks filed another motion for post-conviction relief in state court. The motion was denied, and on appeal the ruling was eventually affirmed by the Florida Supreme Court. *Banks v. State*, 2014 WL 5507970 (Fla. Nov. 3, 2014). On November 6, 2014, Mr. Banks filed a petition for writ of certiorari in

3

the United States Supreme Court from the Florida Supreme Court's denial of relief, which is still pending.

On November 10, 2014 Mr. Banks filed this action in the United States District Court for the Northern District of Florida. The following day the district court dismissed Mr. Banks' claims. This appeal followed on November 12, 2014.[1] Mr. Banks is scheduled to be executed November 13, 2014.

**Standard of Review**

A preliminary injunction such as a stay of execution is appropriate only if the movant demonstrates: "(1) a substantial likelihood of success on the merits; (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant; and (4) that the preliminary injunction would not be averse to the public interest." *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir.), *cert. denied* 134 S. Ct. 1156 (2014).

We review a district court's denial of a stay of execution for abuse of discretion. *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011) (per curiam); *Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011) (per curiam).

**Discussion**

**I. Ineffective Assistance of Counsel**

---

[1] Mr. Banks' motion to exceed the word count is **GRANTED**.

4

We do not reach the merits of Mr. Banks' constitutional claim for ineffective assistance of post-conviction counsel because the district court was correct in its determination that the § 1983 claim is barred by the statute of limitations. All constitutional claims brought under § 1983 are tort actions, subject to statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. 42 U.S.C. § 1983. In Florida the statute of limitations for personal injury actions is four years from when the claim accrued. *See Henyard v. Sec'y DOC*, 543 F.3d 644, 647 (11th Cir. 2008) (per curiam). "It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) (internal quotation marks omitted).

Mr. Banks argues that his § 1983 claim accrued when the Florida Legislature, the Governor, and the Florida Supreme Court refused to provide him with an opportunity to challenge the constitutionality of his death sentence and as such the applicable statute of limitations should be measured from the day the Governor signed his death warrant. We cannot agree.

The crux of Mr. Banks' complaint is that his state appointed post-conviction counsel was ineffective when he missed the deadline for filing a federal habeas petition under 28 U.S.C. § 2254. We agree with the district court that Mr. Banks' claim accrued at the very latest on October 6, 2003, when his newly appointed

5

attorney notified him of the missed deadline.  Therefore, we hold that Mr. Banks'

claim is barred by the statute of limitations.

## II. Clemency

Mr. Banks next alleges that Florida's clemency process violates his

constitutional rights to equal protection and due process of law.  Mr. Banks argues

Florida's clemency process is constitutionally inadequate because (1) the clemency

board is composed of elected politicians; (2) his post-conviction counsel was not

statutorily allowed to represent him in the proceeding; (3) his clemency counsel

was ineffective; and (4) no death-sentenced inmate has been granted clemency in

Florida in over thirty-one years.  We cannot agree.

There is no constitutional right to clemency.  *See Ohio Adult Parole Auth. v.*

*Woodard*, 523 U.S. 272, 279–85, 118 S. Ct. 1244, 1249–52 (1998).   An appeal for

clemency "is simply a unilateral hope."  *Id.* at 282, 118 S. Ct. at 1250 (internal

quotation marks omitted).   We agree with the district court that in order for a

claim of alleged violations of due process and equal protection in a clemency

proceeding to succeed, the violation must be grave, such as where "a state official

flipped a coin to determine whether to grant clemency, or in a case where the State

arbitrarily denied a prisoner any access to its clemency process."  *Id.* at 289, 118 S.

Ct. at 1254.  That is not the case here.  Mr. Banks has made no conceivable

allegation that is sufficient to establish that Florida's clemency process is as

arbitrary as a coin flip or that he was denied access to Florida's clemency process. On the contrary, Mr. Banks seems to assert that the decision of the clemency board might be influenced by an elected politician's perception of public opinion. Therefore, we conclude that the district court's decision to deny Mr. Banks a stay of execution was not an abuse of discretion.

**Conclusion**

For the reasons stated, Mr. Banks' request for a stay of execution is

**DENIED**.

**AFFIRMED.**

ED CARNES, Chief Judge:

I concur in the opinion of the Court and write separately to add one note.  I agree with Judge Martin that it is regrettable that Banks' federal habeas petition was not filed in a timely fashion.  We issued an opinion earlier this year in another missed deadline capital case from the same district in which we discussed possible ways to ensure timely filings in Florida capital cases.  See Lugo v. Sec'y, Fla. Dep't Corr., 750 F.3d 1198, 1215 (11th Cir. 2014). We were of the view that the best way probably would be to establish a capital habeas unit in Florida, the only state in our circuit that did not have one at the time.  See id.; see also id. at 1221–22 (Martin, J., concurring).  Fortunately, since then a capital habeas unit has been approved and is currently being established in the Northern District of Florida, a development which should help prevent the untimely filing problem from recurring in the future.

MARTIN, Circuit Judge, concurring:

I agree with the Majority that Mr. Banks has not shown a substantial likelihood of success on the merits of his § 1983 complaint.  Specifically, I agree that Mr. Banks's Eighth Amendment claim is barred by the statute of limitations.  I also agree that his separate claim attacking Florida's clemency process does not show a violation of due process under Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 289–90, 118 S. Ct. 1244, 1254 (1998) (O'Connor, J., concurring) ("[S]ome minimal procedural safeguards apply to clemency proceedings.").  See Mann v. Palmer, 713 F.3d 1306, 1316–17 (11th Cir. 2013), cert. denied, ___ U.S. ___, 133 S. Ct. 1752 (2013).[2]

I write separately to observe that Mr. Banks will be executed without ever having received federal review of the merits of his constitutional claims.  Given the historic importance of the writ of federal habeas corpus, I find this troubling.  Cf. Trevino v. Thaler, ___ U.S. ___, ___, 133 S. Ct. 1911, 1917 (2013) ("In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release.").

---

[2]  For example, Mr. Banks does not allege that the State of Florida deliberately interfered with his efforts to present evidence in support clemency.  See Young v. Harris, 218 F.3d 850, 853 (8th Cir. 2000) (granting stay of execution based on § 1983 complaint alleging that the state, acting through a state prosecutor, "deliberately interfered with the efforts of petitioner to present evidence to the Governor" in support of clemency).

Because his postconviction counsel appointed by the state court did not timely file a federal habeas corpus petition on Mr. Banks's behalf, he has never had federal review of the merits of his constitutional claims about the validity of his conviction and death sentence.  See Banks v. Sec'y, Fla. Dep't of Corr., 491 F. App'x 966, 968 (11th Cir. 2012).  To make matters worse, when Mr. Banks was finally appointed different counsel by the Federal District Court under the Criminal Justice Act on October 15, 2003—more than four years after the one-year federal statute of limitations had passed—his federal lawyer waited more than another year, until December 1, 2004, to file Mr. Banks's federal petition.  Id. at 968–69. Because his federal petition was not timely filed, and because this panel determined that he was not entitled to equitable tolling, neither the District Court nor this Court has ever looked at the merits of Mr. Banks's underlying constitutional claims.  Id. at 970.

Sadly, Mr. Banks is not alone.  He will not even be the first Florida inmate executed this year who was represented by state court-appointed counsel who missed the federal filing deadline.[3]  Neither is he likely to be the last.  As I discussed in more detail in Lugo v. Secretary, Florida Department of Corrections, 750 F.3d 1198 (11th Cir. 2014) (Martin, J., concurring in judgment), there are

---

[3]  Juan Carlos Chavez was executed on February 12, 2014, approximately three years after this Court affirmed the dismissal of his first federal petition as untimely.  See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1073 (11th Cir. 2011).

about three dozen condemned men on Florida's death row who missed their federal filing deadline.  Id. at 1222–26.

No one disputes that Mr. Banks pleaded guilty to a horrifying crime.  See Banks v. State, 700 So. 2d 363, 364–65 (Fla. 1997).  But as the Supreme Court recently reminded us, "[b]y protecting even those convicted of heinous crimes, the Eighth Amendment reaffirms the duty of the government to respect the dignity of all persons."  Hall v. Florida, ___ U.S. ___, ___, 134 S. Ct. 1986, 1992 (2014) (quotation marks omitted).  It is difficult for federal courts to protect defendants from serious deprivations of their constitutional rights (or even know about them) if those defendants do not have competent counsel to investigate and preserve their constitutional claims in state court proceedings.  I am, of course, aware that the Supreme Court has held that prisoners do not "have a constitutional right to counsel when mounting collateral attacks upon their convictions."  Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987); see also Murray v. Giarratano, 492 U.S. 1, 10, 109 S. Ct. 2765, 2770 (1989) (plurality opinion) ("[T]he rule of Pennsylvania v. Finley should apply no differently in capital cases than in noncapital cases.").  But I am also mindful that "[t]he death penalty is the gravest sentence our society may impose."  Hall, 134 S. Ct. at 1992.

The Supreme Court has recently said, "[p]ersons facing that most severe sanction must have a fair opportunity to show that the Constitution prohibits their

11

execution." Id.  Although I agree with the Majority that Mr. Banks has gotten all the review that the law entitles him to have, I cannot say with confidence that he has been given a "fair opportunity" to show any constitutional violation that might be associated with his conviction or the sentence of death that will be carried out today.