MARTIN, Circuit Judge,
concurring:
I agree with the Majority that Mr. Banks has not shown a substantial likelihood of success on the merits of his § 1983 complaint. Specifically, I agree that Mr. Banks’s Eighth Amendment claim is barred by the statute of limitations. I also agree that his separate claim attacking Florida’s clemency process does not show a violation of due process under Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 289-90, 118 S.Ct. 1244, 1254, 140 L.Ed.2d 387 (1998) (O’Connor, J., concurring) (“[S]ome minimal procedural safeguards apply to clemency proceedings.”). See Mann v. Palmer, 713 F.3d 1306, 1316-17 (11th Cir.2013), cert. denied, — U.S. -, 133 S.Ct. 1752, 185 L.Ed.2d 806 (2013).[2]
I write separately to observe that Mr. Banks will be executed without ever having received federal review of the merits of his constitutional claims. Given the historic importance of the writ of federal habeas corpus, I find this troubling. Cf. Trevino v. Thaler, — U.S. -, -, 133 S.Ct. 1911, 1917, 185 L.Ed.2d 1044 (2013) (“In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release.”).
Because his postconviction counsel appointed by the state court did not timely file a federal habeas corpus petition on Mr. Banks’s behalf, he has never had federal review of the merits of his constitutional claims about the validity of his conviction and death sentence. See Banks v. Sec’y, Fla. Dep’t of Corr., 491 Fed.Appx. 966, 968 (11th Cir.2012). To make matters worse, when Mr. Banks was finally appointed different counsel by the Federal District Court under the Criminal Justice Act on October 15, 2003 — more than four years after the one-year federal statute of limitations had passed — his federal lawyer waited more than another year, until December 1, 2004, to file Mr. Banks’s federal *775 petition. Id. at 968-69. Because his federal petition was not timely filed, and because this panel determined that he was not entitled to equitable tolling, neither the District Court nor this Court has ever looked at the merits of Mr. Banks’s underlying constitutional claims. Id. at 970.
Sadly, Mr. Banks is not alone. He will not even be the first Florida inmate executed this year who was represented by state court-appointed counsel who missed the federal filing deadline.[3] Neither is he likely to be the last. As I discussed in more detail in Lugo v. Secretary, Florida Department of Corrections, 750 F.3d 1198 (11th Cir.2014) (Martin, J., concurring in judgment), there are about three dozen condemned men on Florida’s death row who missed their federal filing deadline. Id. at 1222-26.
No one disputes that Mr. Banks pleaded guilty to a horrifying crime. See Banks v. State, 700 So.2d 363, 364-65 (Fla.1997). But as the Supreme Court recently reminded us, “[b]y protecting even those convicted of heinous crimes, the Eighth Amendment reaffirms the duty of the government to respect the dignity of all persons.” Hall v. Florida, - U.S. -, -, 134 S.Ct. 1986, 1992, 188 L.Ed.2d 1007 (2014) (quotation marks omitted). It is difficult for federal courts to protect defendants from serious deprivations of their constitutional rights (or even know about them) if those defendants do not have competent counsel to investigate and preserve their constitutional claims in state court proceedings. I am, of course, aware that the Supreme Court has held that prisoners do not “have a constitutional right to counsel when mounting collateral attacks dpon their convictions.” Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); see also Murray v. Giarratano, 492 U.S. 1, 10, 109 S.Ct. 2765, 2770, 106 L.Ed.2d 1 (1989) (plurality opinion) (“[T]he rule of Pennsylvania v. Finley should apply no differently in capital cases than in noncapi-tal cases.”). But I am also mindful that “[t]he death penalty is the gravest sentence our society may impose.” Hall, 134 S.Ct. at 1992.
The Supreme Court has recently said, “[pjersons facing that most severe sanction must have a fair opportunity to show that the Constitution prohibits their execution.” Id. Although I agree with the Majority that Mr. Banks has gotten all the review that the law entitles him to have, I cannot say with confidence that he has been given a “fair opportunity” to,show any constitutional violation that might be associated with his conviction or the sentence of death that will be carried out today.

. For example, Mr. Banks does not allege that the State of Florida deliberately interfered with his efforts to present evidence in support clemency. See Young v. Hayes, 218 F.3d 850, 853 (8th Cir.2000) (granting stay of execution based on § 1983 complaint alleging that the state, acting through a state prosecutor, "deliberately interfered with the efforts of petitioner to present evidence to the Governor” in support of clemency).

. Juan Carlos Chavez was executed on February 12, 2014, approximately three years after this Court affirmed the dismissal of his first federal petition as untimely. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1073 (11th Cir.2011).